# CIRCUIT COURT OF FAIRFAX COUNTY

Patrick K. Batt et al.

v.

Manchester Oaks
Homeowners' Association, Inc., et al.

July 6, 2010

Case No. 2009-11153

BY JUDGE R. TERRENCE NEY

This matter came before the Court on June 4, 2010, upon Plaintiffs' Motion to Compel Production of Documents. After considering the pleadings and briefs filed by counsel and oral argument, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

Plaintiffs, Patrick K. Batt, Rudolph J. Grom, and James R. Martin (the "Home Owners"), own condominium units with garages in the Manchester Oaks community of Fairfax County, Virginia. The individual defendants, Syed T. Akhtar, Donna M. Milton, Gregory U. Nowakowski, Hector D. Rodriguez, and James W. Rogers ("Directors"), currently serve on the Board of Directors of the Manchester Oaks Homeowners' Association Inc. ("HOA"). The individual defendants are also owners of the garageless units. The HOA is also named as a Defendant.

There are fifty-seven townhomes in Manchester Oaks, thirty of which have a garage. Manchester Oaks has seventy-two common area parking spaces. Fifty-four of the common area parking spaces are assigned to the units without garages, two spaces each. The Home Owners with garages complain that the assignment of parking spaces to garageless units is unfair and illegal.

In August of 2003, the HOA obtained an attorney opinion letter regarding the legality and enforceability of the parking policy. Allegedly, the lawyer opined in this letter that the parking policy was illegal. The Home Owners assert that both past and current HOA members are aware of the October 2003 opinion letter and that these Directors, as owners of units without garages, continue to implement an illegal policy in order to further their own self interests in violation of their duties as members of the HOA Board.

The Home Owners' Motion to Compel addresses Directors' responses to several requests from Home Owners' Request for Production of Documents. Specifically, the requests seek all documents relating to any communications between the HOA, its board members, the HOA members, and management company, past and present, and any attorney or agent for the HOA. In response, the Directors asserted the attorney-client privilege and provided a privilege log.

*Analysis*

A. *Privilege*

The trial court is vested with discretion to grant or deny a discovery request "and will be reversed only if the action taken was improvident and affected substantial rights." *Helen W. v. Fairfax County Dep't of Human Dev.*, 12 Va. App. 877, 887, 407 S.E.2d 25, 31 (1991). Pursuant to Va. Sup. Ct. R. 4:1, a party may obtain discovery through production of documents on:

> [A]ny matter, *not privileged*, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any

discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Va. Sup. Ct. R. 4:1 (emphasis added).

Although the rule permits a broad range of discoverable material, there are some limitations. It is well established that documents prepared in anticipation of litigation are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case, and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* Where such showing is made, however, the requesting party is not entitled to "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* Additionally, although a party may withhold information as privileged, the party must expressly claim the applicable privilege or protection and "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Id.; see also,* Va. Sup. Ct. R. 4:9 (requiring a party to specify any objection made to an item or category requested in another party's request for production of documents).

In addressing the privilege of confidentiality, the Supreme Court of Virginia has held that:

> Confidential communications between attorney and client made because of that relationship and concerning the subject matter of the attorney's employment are privileged from disclosure, even for the purpose of administering justice ... Nevertheless, the privilege is an exception to the general duty to disclose and is an obstacle to investigation of the truth, and should be strictly construed.

*Commonwealth v. Edwards,* 235 Va. 499, 508-509, 370 S.E.2d 296, 301 (1988). The burden is on the proponent to establish that an attorney-client relationship existed, that the sought communications are privileged, and that the client has not waived the privilege. *Id.* at 509, 370 S.E.2d at 301.

The work product doctrine protects "material such as interviews, statements, memoranda, correspondence, briefs, mental impressions, [and]

personal beliefs, which are prepared by an adversary's counsel with an eye toward litigation." *Id.* at 510, 370 S.E.2d at 302.

In *Virginia Elec. & Power Co. v. Westmoreland-LG&E Partners*, the Supreme Court of Virginia addressed the discoverability of a letter sent to the party's counsel and viewed by several persons within a corporation. 259 Va. 319, 526 S.E.2d 750 (2000). In *Virginia Electric*, the party testified that, when drafting the letter he intended to seek legal advice on its contents. *Id.* at 325, 526 S.E.2d at 754. While several individuals within the corporation as well as the corporation's counsel reviewed the letter, it was never sent to the intended third party. *Id.* The court stated that:

> The privilege attaches to a document even if the document does not contain, or is not accompanied by, a written request for legal advice, if the proponent of the privilege sustains its burden of proof to show that the document was prepared with the intention of securing legal advice on its contents.

*Id.* at 326, 526 S.E.2d at 755.

The *Virginia Electric* court rejected the argument that the attorney-client privilege was waived by sending the letter to other individuals in the corporation and to counsel, holding that "[c]ommunications between officers and employees of the same entity relayed to corporate counsel for the purpose of obtaining legal advice are entitled to the attorney-client privilege." *Id.* The court rejected the plaintiffs' argument that the letter was discoverable for its factual material. *Id.* The court reasoned that "the substance of the letter in this case constitutes the very matter for which legal advice was sought. There is no 'factual material' apart from the substance of the letter itself." *Id.*

The communications between the Directors and their counsel are protected by the attorney-client privilege as well as the work-product doctrine. The documents the Home Owners seek to recover are the documents between the Board, acting on behalf of the HOA, and its counsel. And, unlike *Virginia Electric*, where the document sought was merely a letter between negotiating parties, here the documents specifically request legal advice. Because *Virginia Electric* makes plain that the privilege attaches even where the document on its face does not seek legal advice, the documents are clearly privileged.

## B. *Fiduciary-Beneficiary Exception*

The Home Owners also contend that, even if the documents are privileged, the privilege is waived by the Fiduciary-Beneficiary Exception. The Fiduciary-Beneficiary Exception is a creature of the federal courts and has not been applied by any court in the Commonwealth of Virginia.

Home Owners embrace the Fiduciary-Beneficiary Exception even though relying on a 2008 Fairfax Circuit Court case. *Rush v. Sunrise Senior Living, Inc.*, 2008 Va. Cir. LEXIS 12 (Fairfax 2008). In *Rush*, the court dealt with a motion to compel documents that were created during the plaintiff's tenure as CFO. While the court mentions the four elements necessary for a privilege under the Fiduciary-Beneficiary Exception (as laid out in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970)), the court did not apply this test. Instead, the court concluded that the plaintiff's right to access to the documents that the plaintiff received, reviewed, authored, or had reasonable access to, outweighed the public policy considerations of full and frank communication, and, thus, such documents were not privileged. *Id.* at *11.

In *Garner v. Wolfinbarger*, the United States Court of Appeals for the Fifth Circuit carved out a new exception to the attorney-client privilege, holding that the attorney-client privilege is valid against a request from stockholders *except* where the stockholders file suit against the corporation claiming the corporation has acted inimically to the stockholder interests, in which case the stockholders have the right to show cause why attorney-client privilege should not be invoked. 430 F.2d 1093 (5th Cir. 1970). This is called the Fiduciary-Beneficiary Exception.

It is unnecessary to delve into whether the Home Owners have shown sufficient cause to bar the invocation of the attorney-client privilege. For the Fiduciary-Beneficiary exception to apply, it must not run afoul of the express intent of the Supreme Court of Virginia. Adopting the Fiduciary-Benefit exception would serve as a formidable barrier to the express purpose of the attorney-client privilege and essentially nullify the attorney-client privilege in the case of corporations being sued by their shareholders. Such is not the law in the Commonwealth of Virginia.

Additionally, incorporating the exception would chill communication between parties and their attorneys for fear that such exchanges could be used against them in the future. Because the purpose of the privilege is to facilitate open communication between lawyer and

client as well as promoting broader public interest in the observance of law,[1] this Court declines to apply the Fiduciary-Beneficiary Exception.

For these reasons, the Court finds that the privilege has been properly invoked, and there is no basis to make an exception to it. The Motion to Compel is denied.

---

[1] See, Upjohn Co. v. United States, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).